[Cite as *State v. Brenson*, 2011-Ohio-1880.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 09-CA-18 |
| JAMES BRENSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of Common Pleas, Case No. 08-CRI-04-0207A

JUDGMENT:     Affirmed in part, Reversed in part Remanded

DATE OF JUDGMENT ENTRY:     April 15, 2010

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

DAVID A. YOST                  WILLIAM T. CRAMER
DELAWARE PROSECUTING ATTORNEY   470 Olde Worthington Road, Ste. 200
BY: KYLE ROHRER             Westerville, OH 43082
140 N. Sandusky St., 3rd Fl.
Delaware, OH 43015

*Gwin, P.J.*

**{¶1}** Upon remand from the Supreme Court of Ohio, this Court is asked to revisit only one of the fourteen assignments of error raised by appellant and addressed by this court in *State v. Brenson*, Delaware App. No. 09-CA-18, 2010-Ohio-4645. ["Brenson I"]. See, *State v. Brenson* (March 30, 2011), Slip Opinion No. 2011-Ohio-1425. Appellant's Fourteenth Assignment of Error stated as follows:

**{¶2}** "BRENSON'S CONVICTIONS SHOULD HAVE MERGED INTO ONE COUNT OF AGGRAVATED MURDER AND ONE COUNT OF KIDNAPPING OR AGGRAVATED ROBBERY."

XIV.

**{¶3}** Upon remand from the Supreme Court of Ohio, this court is asked to consider whether this Court's ruling on appellant's fourteenth assignment of error should be modified in light of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

**{¶4}** In *Brenson I*, we held the trial court should have merged the two aggravated murder counts and imposed only a single sentence. Id. at ¶ 401. We further held appellant's conviction for aggravated robbery, R.C. 2911.01(A)(1), and for kidnapping R.C. 2905.01(A)(2) should have been merged for sentencing purposes. Id. at ¶420.

**{¶5}** However, based upon the Ohio Supreme Court's decisions in *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, and *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 884 N.E.2d 181, we found that the trial court was correct to sentence appellant on two counts of kidnapping and two counts of aggravated robbery. Id. at ¶ 411; 418.

{¶6} Shortly after our decision in *Brenson I* was released in the present appeal[1], the Ohio Supreme Court decided *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061[2], which specifically overruled the 1999 *Rance* decision.

{¶7} In *State v. Johnson,* the Ohio Supreme Court revised its allied-offense jurisprudence. The *Johnson* court overruled *State v. Rance,* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." The Ohio Supreme Court established a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25.

{¶8} The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. Id. at ¶ 48, 710 N.E.2d 699. It is not necessary that the commission of one offense will *always* result in the commission of the other. Id. Rather, the question is whether it is *possible* for both offenses to be committed by the same conduct. Id*.,* quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 119, 526 N.E.2d 816. Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51.

{¶9} If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. Id. at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 895 N.E.2d 149, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring in judgment only). If so, the offenses are allied offenses of similar import and must be

---

[1] September 28, 2010
[2] December 29, 2010.

merged. *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. Id. at ¶ 51.

{¶10} Under *Johnson*, "the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger." Id. at ¶ 47, 942 N.E. 2d 1061. Rather, the court simply must ask whether the defendant committed the offenses by the same conduct. Id.

{¶11} Upon review of *Johnson*, we find as we did in *Brenson I,* "Appellant is correct; aggravated murder counts involving the same victim are merged for sentencing. *State v. O'Neal,* 87 Ohio St.3d 402, 721 N.E.2d 73, *State v. Lawson* (1992), 64 Ohio St.3d 336, 351, 595 N.E.2d 902, 913; R.C. 2941.25(A). Here, the trial court should have merged the two aggravated murder counts and imposed only a single sentence. See Id.; *State v. Huertas*, 51 Ohio St.3d at 28, 553 N.E.2d at 1066. Further the trial court should have merged appellant's conviction for aggravated robbery, R.C. 2911.01(A) and for kidnapping, R.C. 2905.01(A) for sentencing purposes." Id. at ¶420.

{¶12} Appellant further argued that the two counts of aggravated robbery pursuant to R.C. 2911.01(A)(1) and (3) should merge, and further, that the two counts of kidnapping pursuant to R.C. 2905.01 (A)(2) and (3) should also have merged for sentencing. (See also, *State v. Brenson,* Ohio Sup. Ct. Case No. 10-2206, Memorandum in Support of Jurisdiction of Appellant James Brenson, filed December 20, 2010).

{¶13} Appellant was convicted of two (2) counts of kidnapping pursuant to R.C. 2905.01. Specifically appellant was convicted under (A) (2) and (3):

**{¶14}** "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

**{¶15}** " * * *

**{¶16}** "(2) To facilitate the commission of any felony or flight thereafter;

**{¶17}** "(3) To terrorize, or to inflict serious physical harm on the victim or another

**{¶18}** " * * * "

**{¶19}** Applying the *Johnson* analysis, we conclude it is possible to commit kidnapping pursuant to R .C. 2905.01. (A)(2) and (3) with the same conduct.

**{¶20}** We next determine whether appellant in fact committed both offenses by way of a single act, performed with a single state of mind, or whether he had separate animus for each offense. *Johnson,* 2010-Ohio-6314 at ¶ 49, 51; R.C. 2941.25(B).

**{¶21}** Upon review of *Johnson,* we depart from our holding in *Brenson I* and now hold that the trial court should have merged appellant's convictions for kidnapping pursuant to R .C. 2905.01 (A)(2) and (3) for sentencing.

**{¶22}** Finally, appellant argues that the two aggravated robbery counts should merge. Appellant was convicted of two counts of aggravated robbery. R.C. 2911.01 provides in relevant part,

**{¶23}** "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

**{¶24}** "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;

**{¶25}** " * * *

**{¶26}** "(3) Inflict, or attempt to inflict, serious physical harm on another."

**{¶27}** Applying the *Johnson* analysis, we conclude it is possible to commit aggravated robbery under R.C. 2911.01(A)(1) and (A)(3) with the same conduct.

**{¶28}** We next determine whether appellant in fact committed both offenses by way of a single act, performed with a single state of mind, or whether he had separate animus for each offense. *Johnson,* 2010-Ohio-6314 at ¶ 49, 51; R.C. 2941.25(B).

**{¶29}** In reviewing *Johnson,* we depart from our holding in *Brenson I* and now hold that the trial court should have merged appellant's convictions for aggravated robbery, R.C. 2911.01(A) (1), and (A)(3) for sentencing.

**{¶30}** Accordingly, in compliance with the remand from the Ohio Supreme Court the appellant's Fourteenth Assignment of Error is sustained. In accordance with the Ohio Supreme Court's decision in *State v. Whitfield,* 124 Ohio St.3d 319, 922 N.E.2d 182, 2010-Ohio-2 at ¶ 25*,* we remand this case to the trial court for further proceedings consistent with that opinion. This decision in no way affects the guilty verdicts issued by the jury. It only affects the entry of conviction and sentence. Appellant's convictions are affirmed.

**{¶31}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part and this matter is remanded for proceedings in accordance with our opinion and the law.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0331

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :
                                      :
                Plaintiff-Appellee    :
                                      :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :
JAMES BRENSON                         :
                                      :
                                      :
                Defendant-Appellant   :        CASE NO. 09-CA-18


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part and this matter is remanded for proceedings in accordance with our opinion and the law..  Costs to appellee.


_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY