[Cite as *State v. Johnson*, 2011-Ohio-2825.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :     C.A. CASE NO. 24031

vs.                              :     T.C. CASE NO. 09CR2425

TOMMIE JOHNSON, JR.              :     (Criminal Appeal from
                                        Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

# O P I N I O N

Rendered on the 10th day of June, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; R. Lynn Nothstine, Asst. Pros. Attorney, Atty. Reg. No.0061560, P.O. Box 972, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

Jeffrey T. Gramza, Talbott Tower, Suite 1210, 131 N. Ludlow Street, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Tommie Johnson, appeals from his conviction and sentence for kidnapping, attempted murder, domestic violence and tampering with evidence.

{¶ 2} On the evening of Sunday, July 26, 2009, following a

physical altercation with his girlfriend, Alishia Whitehead, Defendant left Whitehead's apartment at 420 N. Cherrywood Avenue in Dayton, taking with him her two children: a two year old girl named A.J. and an eight month old boy named T.J.  About an hour later, Whitehead called police, asking for  help in finding her children.  Shortly thereafter, police located Defendant walking alone on Garland Avenue in Dayton.  Defendant refused to divulge the whereabouts of A.J. and T.J.  Defendant was arrested and booked into the Montgomery County Jail.

{¶ 3}  The next morning, Monday, July 27, 2009, police learned that the two children, A.J. and T.J., had been found at around 8:50 a.m. in a closed trash bin behind Felty Electric Company on East Second Street in Dayton.  The two children were soiled and dehydrated.  A.J. and T.J. were taken by medics to Children's Medical Center for examination and treatment, and were eventually placed in the care of Montgomery County Children's Services.

{¶ 4}  While investigating in the area where A.J. and T.J. were found, police spoke with employees at Fordyce Finishing, a business located on Bates Street about one block away.  An employee there had noticed a baby stroller in their trash dumpster.  Closer inspection revealed a stroller, baby bottle, and a bag containing diapers and formula in the dumpster.  Police then asked to view the surveillance videotape from Fordyce Finishing's surveillance

camera, which depicts Defendant putting the stroller and other items in the dumpster before walking away.  During a subsequent interview with police, Defendant admitted putting the two young children, A.J. and T.J. in a trash dumpster.

{¶ 5} Defendant was indicted on two counts of kidnapping in violation of R.C. 2905.01(B)(1), two counts of kidnapping in violation of R.C. 2905.01(B)(2), two counts of attempted murder in violation of R.C. 2923.02(A) and 2903.02(A), three counts of domestic violence in violation of R.C. 2919.25(A), and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Defendant filed a motion to suppress the statements he made to police, which the trial court overruled following a hearing. Defendant subsequently entered no contest pleas to all ten charges, and was found guilty by the trial court.  At sentencing the trial court merged two of the domestic violence charges, counts seven and eight, into the attempted murder charges, counts five and six.  The trial court refused to merge the four kidnapping charges. The trial court sentenced Defendant to prison terms totaling seventeen years.

{¶ 6} Defendant timely appealed to this court.

ASSIGNMENT OF ERROR

{¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING APPELLANT INDIVIDUALLY FOR ALLIED CRIMES OF SIMILAR

IMPORT THAT SHOULD HAVE BEEN MERGED AT SENTENCING."

{¶ 8} R.C. 2905.01(B) provides:

{¶ 9} "No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall knowingly do any of the following, under circumstances that create a substantial risk of serious physical harm to the victim or, in the case of a minor victim, under circumstances that either create a substantial risk of serious physical harm to the victim or cause physical harm to the victim:

{¶ 10} "(1) Remove another from the place where the other person is found;

{¶ 11} "(2) Restrain another of the other person's liberty."

{¶ 12} Counts one and two of the indictment arise from Defendant's conduct in removing A.J. and T.J. from the apartment at 420 N. Cherrywood and walking away with them. Defendant pled no contest and was found guilty of violations of R.C. 2905.01(B)(1), using any means to knowingly remove T.J. (count one) and A.J. (count two), children under thirteen years of age, from the place where they were found under circumstances that either created a substantial risk of serious physical harm to them or caused physical harm to them.

{¶ 13} Counts three and four of the indictment arise from Defendant's conduct in putting A.J. and T.J. in a large commercial

type trash bin that was too tall for them to get out of and then closing the lid. Defendant pled no contest and was found guilty of violations of R.C. 2905.01(B)(2), using any means to knowingly restrain T.J. (count three) and A.J. (count four), children under thirteen, of their liberty under circumstances that either created a substantial risk of serious physical harm to them or caused physical harm to them.

{¶ 14} The trial court imposed separate ten-year sentences on each count of kidnapping and ordered that the sentences run concurrently. The court refused to merge the two kidnapping charges applicable to each child, stating: "the counts relating to each child's removal are separate offenses from the counts relating to the restraint of each child."

{¶ 15} Ohio's multiple counts statue, R.C. 2941.25, provides:

{¶ 16} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 17} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the

defendant may be convicted of all of them."

{¶ 18} In the recent case of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. *Johnson* overruled the previous test announced in *State v. Rance* (1999), 85 Ohio St.3d 632, and held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id. at syllabus. The Supreme Court explained its holding at ¶47-51, stating:

{¶ 19} "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

{¶ 20} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same

conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 21} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J.,dissenting).

{¶ 22} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 23} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶ 24} Under the rule of *Johnson*, it is possible to commit a violation of R.C. 2905.01(B)(1) and commit a violation of R.C. 2905.01(B)(2) with the same conduct. Removing a child from the place where he or she is found, R.C. 2905.01(B)(1) involves some form of restraint on that child's liberty, which is likewise a

violation of R.C. 2905.01(B)(2). Accordingly, because it is possible to commit a violation of both R.C. 2905.01(B)(1) and 2905.01(B)(2) with the same conduct, they are allied offenses of similar import for purposes of R.C. 2941.25(A). *Johnson* at ¶48. The further issue is whether the multiple kidnapping offenses in this case were committed by the same conduct, that is, a single act, committed with a single state of mind, *Johnson*, at ¶49, and whether the exception to merger in R.C. 2941.25(B) applies.

{¶ 25} For purposes of determining criminal liability, an offender's "conduct . . . includes either a voluntary act, or an omission to perform a voluntary act or duty that the person is capable of performing." R.C. 2901.21(A)(1). When a course of conduct involves two or more acts or omissions undifferentiated by time, place, or circumstance, merger of multiple criminal offenses arising from that course of conduct is required because the offenses involve the "same conduct." R.C. 2945.25(A). E.g., *Johnson*. An exception to merger applies when the offenses are nevertheless "committed separately or with a separate animus as to each." R.C. 2945.25(B).

{¶ 26} Defendant first removed T.J. and A.J. from the place where they were found when he took them from the apartment at 420 N. Cherrywood and walked away with them. Subsequently, Defendant also restrained T.J. and A.J. of their liberty when he put the

two small children into a large trash dumpster and closed the lid, leaving the children trapped inside. Both offenses involved a particular and continuing restraint of the same victims. However, the kidnapping offenses in violation of R.C. 2905.01(B)(1) and 2905.01(B)(2) clearly did not involve a single act committed with a single state of mind, being differentiated by time, place, and circumstance. Accordingly, these offenses do not merge. *Johnson*. The trial court did not err by separately convicting and sentencing Defendant on each kidnapping offense.

{¶ 27} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J. And HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine, Esq.
Jeffrey T. Gramza, Esq.
Hon. Michael L. Tucker