THE STATE OF OHIO, APPELLANT AND CROSS-APPELLEE,
*v.* BROWN, APPELLEE AND CROSS-APPELLANT.

[Cite as *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569.]

448

(No. 2007–0184—Submitted April 22, 2008—Decided September 17, 2008.)

O'DONNELL, J.

{¶ 1} We are again called upon to revisit our 1999 decision in *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, and to clarify whether pursuant to its holding and R.C. 2941.25, a defendant may be convicted and sentenced for two separate crimes arising out of two forms of the same offense based on a single criminal act—here, aggravated assault for stabbing one victim, one time.

{¶ 2} Because R.C. 2903.12(A)(1) and (A)(2) set forth two means of committing the same offense both of which serve the same purpose—preventing physical harm to persons—we conclude that the General Assembly did not intend them to be separately punishable when the offenses result from a single act undertaken with a single animus. Therefore, separate convictions for aggravated assault in violation of R.C. 2903.12(A)(1) and (A)(2) are allied offenses of similar import when committed with a single animus. In this instance, Brown's two aggravated-assault convictions arise out of a single act—one stab wound to one victim; they are therefore committed with a single animus and are allied offenses of similar import, and she may be convicted of and sentenced for only one. The proper disposition of these offenses requires the trial court to merge one offense into the other for purposes of conviction and sentencing, as opposed to arbitrarily vacating one of the convictions. Accordingly, we remand the matter to the trial court with instructions to merge Brown's convictions and resentence her in accordance with our opinion.

## Facts and Procedural History

{¶ 3} On April 4, 2005, defendant-appellee and cross-appellant, Jakeena Brown, and Kevin Johnson, her live-in boyfriend, got into an argument. After Johnson damaged Brown's truck by ripping the temporary tag off and feeding it to the dog, damaging the bumper, and breaking a window, Brown stabbed Johnson once in the abdomen with a serrated steak knife.

{¶ 4} The Cuyahoga County Grand Jury indicted Brown on two counts of felonious assault and one count of domestic violence, and the matter proceeded to a jury trial. At the close of evidence, the trial court instructed the jury on the two counts of felonious assault, the corresponding lesser included offenses of aggravated assault, and the single count of domestic violence. The jury acquitted Brown of two counts of felonious assault, but found her guilty of both counts of aggravated assault as well as the domestic-violence count.

{¶ 5} The trial court sentenced Brown to two years of community control for the aggravated-assault convictions. It also sentenced Brown to a six-month term in the county jail for the domestic-violence conviction. However, the court suspended the execution of the domestic-violence sentence and placed Brown on two years' probation to run concurrently with her community-control sentence for the aggravated assaults.

{¶ 6} Brown appealed the convictions to the Eighth District Court of Appeals arguing, inter alia, that her aggravated-assault convictions were allied offenses of similar import that the trial court should have merged into a single conviction and sentence. *State v. Brown*, Cuyahoga App. No. 87651, 2006-Ohio-6267, 2006 WL 3446238. The court found that the allied-offense analysis applies only to cases in which the defendant's conduct could be construed as constituting two or more offenses. Brown committed only one act of aggravated assault. Thus, her conviction on two counts violated double jeopardy. Id. at ¶ 50–51. Therefore, the court reversed the trial court's judgment with regard to the aggravated-assault convictions and remanded the matter to the trial court with instructions to vacate both the finding of guilt and the sentence for one of the aggravated-assault convictions. Id. at ¶ 51.

{¶ 7} We accepted jurisdiction over propositions of law I and II of the state's appeal and proposition VI of Brown's cross-appeal on the constitutionality of the domestic-violence statute, held Brown's proposition for *State v. Carswell*, Warren App. No. CA2005–04–047, 2005-Ohio-6547, 2005 WL 3358882, and stayed the briefing schedule. *State v. Brown*, 114 Ohio St.3d 1409, 2007-Ohio-2632, 867 N.E.2d 843. On July 25, 2007, we announced our decision in *Carswell*, upholding the constitutionality of R.C. 2919.25. *State v. Carswell*, 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547. On October 4, 2007, we ordered the parties to brief the state's propositions of law. *State v. Brown*, 115 Ohio St.3d 1424, 2007-Ohio-5264, 874 N.E.2d 540. In her brief, Brown conceded that if this court followed its recent decision in *Carswell*, it would reject the sole proposition of law advanced in her cross-appeal. Hence, we do not further address that proposition.

## Arguments of the Parties

{¶ 8} The state asserts that pursuant to the test set forth in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699, Brown's two convictions for aggravated assault do not constitute allied offenses of similar import because an abstract comparison of the alternate theories of aggravated assault set forth in R.C. 2903.12(A)(1) and (A)(2) reveals that the commission of one does not necessarily result in commission of the other. Therefore, the state argues that R.C. 2941.25, the multiple-count statute, permits Brown to be punished cumulatively. Alternatively, the state contends that if Brown's offenses do constitute allied offenses of similar

import, the proper remedy is merger of the offenses into a single conviction and sentence rather than the arbitrary dismissal of one of the charges.

{¶ 9} In contrast, Brown argues that by placing several means of committing aggravated assault into a single Revised Code section, the legislature demonstrated its intent that those alternate means constitute allied offenses of similar import, even though they may not technically satisfy the elemental *Rance* test. Brown further contends that the state's attempt to distinguish merger from dismissal of one of the counts amounts to a distinction without a difference because, with either method, the end result is a single conviction and sentence.

## Allied Offenses of Similar Import and Legislative Intent

{¶ 10} The Double Jeopardy Clause of the United States Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *United States v. Halper* (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656. These double-jeopardy protections apply to the states through the Fourteenth Amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 786, 89 S.Ct. 2056, 23 L.Ed.2d 707; *State v. Tolbert* (1991), 60 Ohio St.3d 89, 90, 573 N.E.2d 617. Additionally, Section 10, Article I of the Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."

{¶ 11} The facts of this case involve the third double-jeopardy prohibition—the prohibition against multiple punishments for the same offense. However, the Double Jeopardy Clause only prevents a sentencing court from prescribing greater punishment than the legislature intended. *Rance*, 85 Ohio St.3d at 635, 710 N.E.2d 699, quoting *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535, and citing *State v. Moss* (1982), 69 Ohio St.2d 515, 518, 23 O.O.3d 447, 433 N.E.2d 181.

{¶ 12} The United States Supreme Court has held that the test for determining whether two offenses are the same for double-jeopardy purposes is "whether each offense requires proof of an element that the other does not." *Rance*, 85 Ohio St.3d at 634–635, 710 N.E.2d 699, citing *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. In *Rance*, we found that the two-step test set forth in R.C. 2941.25, Ohio's multiple-count statute, answered both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct. Id. at 639, 710 N.E.2d 699.

{¶ 13} R.C. 2941.25 provides:

{¶ 14} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 15} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 16} The legislative history of R.C. 2941.25 demonstrates that "[t]he basic thrust of the section is to prevent 'shotgun' convictions." Legislative Service Commission Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code (June 1973) 69. The summary states: "For example, a thief theoretically is guilty not only of theft but of receiving stolen goods, insofar as he receives, retains or disposes of the property he steals. Under this section, he may be charged with both offenses but he may be convicted of only one, and the prosecution sooner or later must elect as to which offense it wishes to pursue. On the other hand, a thief who commits theft on three separate occasions or steals different property from three separate victims in the space, say, of 5 minutes, can be charged with and convicted of all three thefts." Id. Similarly, the final report of the Technical Committee [1] to Study Ohio Criminal Laws and Procedures reflects the committee's opinion that "where the same conduct by the defendant technically amounts to two or more related offenses, he should be guilty of only one offense. On the other hand, where his conduct amounts to two or more different offenses, or to two or more offenses of the same kind committed at different times or with a separate evil purpose as to each, then it should be possible to convict him of all such crimes. The proposed section [R.C. 2941.25] is designed to effect this policy." Ohio Legislative Service Commission, Proposed Ohio Criminal Code (Mar.1971) 308.

{¶ 17} This court has recognized that R.C. 2941.25(B) demonstrates a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of (1) offenses of dissimilar import and (2) offenses of similar

---

1. In response to House Resolution No. 81 of the 106th General Assembly, the Ohio Legislative Service Commission appointed the Technical Committee, consisting of members of the bench and bar from throughout the state, to draft a comprehensive substantive revision of the criminal laws of this state. Ohio Legislative Service Commission, Proposed Ohio Criminal Code (Mar.1971) at iii and vii. The committee's work led to the Legislative Service Commission's preparation of what eventually became H.B. 511, 109th General Assembly, which, as amended, constituted the first comprehensive revision of Ohio's substantive criminal law since 1815. Id. at vii; Legislative Service Commission, Summary of Am.Sub.H.B. 511, The New Ohio Criminal Code (June 1973), introduction.

import committed separately or with separate animus. *Rance,* 85 Ohio St.3d at 636, 710 N.E.2d 699.

{¶ 18} In applying the multiple-count statute, this court has long followed a two-tiered test to determine whether two offenses constitute allied offenses of similar import. *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 14, citing *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus. See also *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816; *State v. Mughni* (1987), 33 Ohio St.3d 65, 67, 514 N.E.2d 870; *State v. Talley* (1985), 18 Ohio St.3d 152, 153–154, 18 OBR 210, 480 N.E.2d 439; *State v. Mitchell* (1983), 6 Ohio St.3d 416, 418, 6 OBR 463, 453 N.E.2d 593; *State v. Logan* (1979), 60 Ohio St.2d 126, 128, 14 O.O.3d 373, 397 N.E.2d 1345.

{¶ 19} " 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' " (Emphasis sic.) *Cabrales* at ¶ 14, quoting *Blankenship,* 38 Ohio St.3d at 117, 526 N.E.2d 816.

{¶ 20} In *Rance,* we clarified the two-tiered test for allied offenses of similar import, specifying that courts should assess the elements of the offenses in the statutory abstract in accordance with Justice Rehnquist's dissent in *Whalen v. United States* (1980), 445 U.S. 684, 709–711, 100 S.Ct. 1432, 63 L.Ed.2d 715. *Rance,* 85 Ohio St.3d at 637, 710 N.E.2d 699. In *Whalen,* Justice Rehnquist favored a comparison of the statutes in the abstract over a comparison of the crimes as charged: "[B]ecause the *Blockburger* test is simply an attempt to determine legislative intent, it seems more natural to apply it to the language as drafted by the legislature than to the wording of a particular indictment." *Whalen* at 711, 100 S.Ct. 1432, 63 L.Ed.2d 715 (Rehnquist, J., dissenting).

{¶ 21} In *Cabrales,* we acknowledged that *Rance* has "produced inconsistent, unreasonable, and, at times, absurd results." *Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 20. As examples of such results, we cited *State v. Hendrickson,* Montgomery App. No. 19045, 2003-Ohio-611, 2003 WL 264339, and *State v. Waldron* (Sept. 1, 2000), Ashtabula App. No. 99–A–0031, 2000 WL 1257520, both holding that involuntary manslaughter and aggravated vehicular homicide are not allied offenses of similar import when there is only one victim. Thus, in *Cabrales,* we once again clarified the two-tiered test, holding: "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the

abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." *Cabrales* at paragraph one of the syllabus.

{¶ 22} Here, the jury convicted Brown of one count of aggravated assault in violation of R.C. 2903.12(A)(1) and one count of aggravated assault in violation of R.C. 2903.12(A)(2), with each conviction arising from a single stab wound to Johnson's abdomen.

{¶ 23} R.C. 2903.12(A) provides:

{¶ 24} "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

{¶ 25} "(1) Cause serious physical harm to another * * *;

{¶ 26} "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance * * *."

{¶ 27} R.C. 2901.01(A)(5) defines "[s]erious physical harm to persons" to include any of the following:

{¶ 28} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

{¶ 29} "(b) Any physical harm that carries a substantial risk of death;

{¶ 30} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

{¶ 31} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

{¶ 32} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."

{¶ 33} In contrast, "physical harm to persons" includes "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶ 34} The only elements shared by these two alternate theories of aggravated assault are those of mens rea and physical harm. But while the offenses share the element of physical harm, they vary in the degree of harm required. R.C. 2903.12(A)(1) proscribes causing "serious physical harm" regardless of the means used to cause that harm, while subsection (A)(2) proscribes causing the lesser "physical harm" by means of a deadly weapon or dangerous ordnance. Thus,

these two forms of aggravated assault do not satisfy the two-tiered test for allied offenses of similar import set forth in *Rance* and clarified in *Cabrales* because, comparing the elements of the offenses in the abstract, the commission of one will not necessarily result in commission of the other.

{¶ 35} The state would have us end our analysis here, declare that aggravated assault in violation of R.C. 2903.12(A)(1) and (A)(2) are not allied offenses of similar import, and affirm both of Brown's convictions. However, the *Blockburger* test and our two-tiered test for allied offenses of similar import are rules of statutory construction designed to determine legislative intent. See, e.g., *Rance*, 85 Ohio St.3d at 635, 710 N.E.2d 699. But as Justice Rehnquist noted in his *Whalen* dissent, the lower court considered " 'the societal interests protected by the [rape and felony murder] statutes under consideration' " in determining Congressional intent, and found that one was "designed 'to protect women from sexual assault' " while the other "was intended 'to protect human life.' " *Whalen*, 445 U.S. at 713, 100 S.Ct. 1432, 63 L.Ed.2d 715 (Rehnquist, J., dissenting), quoting *Whalen v. United States* (D.C.App.1977), 379 A.2d 1152, 1159. As Justice Rehnquist concluded, "[B]y asking whether two separate statutes each include an element the other does not, a court is really asking whether the legislature manifested an intention to serve two different interests in enacting the two statutes." *Whalen* at 714, 100 S.Ct. 1432, 63 L.Ed.2d 715.

{¶ 36} In determining whether two offenses constitute allied offenses of similar import, we have previously considered the societal interests protected by the relevant statutes. In *State v. Mitchell* (1983), 6 Ohio St.3d 416, 6 OBR 463, 453 N.E.2d 593, we considered the offenses of theft and aggravated burglary. We acknowledged that the offenses had some common elements, in that aggravated burglary may involve the purpose to commit a theft offense. Id. at 419, 6 OBR 463, 453 N.E.2d 593. We noted, however, that completion of the theft offense was not necessary to commit aggravated burglary and that the purpose to commit any felony would satisfy the requisite intent. Id. We then proceeded to consider the societal interests protected by the relevant statutes. Id. We acknowledged that the theft statute seeks to prohibit the nonconsensual taking of property by any means, while the focus of the aggravated-burglary statute seeks to minimize the risk of harm to persons. Id. We therefore concluded that the General Assembly intended to distinguish the offenses of aggravated burglary and theft and permit separate punishments for their commission. Id.

{¶ 37} While our two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, it is not necessary to resort to that test when the legislature's intent is clear from the language of the statute. A cardinal rule of statutory interpretation is that "[a] court must look to the language and purpose of the statute in order to determine

legislative intent." *State v. Cook* (1998), 83 Ohio St.3d 404, 416, 700 N.E.2d 570. "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus.

{¶ 38} R.C. Chapter 2903 defines four assault offenses: (1) felonious assault, (2) aggravated assault, (3) assault, and (4) negligent assault. R.C. 2903.11 through 2903.14. See also Legislative Service Commission Summary of Am.Sub. H.B. 511, supra, at 5.

{¶ 39} R.C. 2903.12 defines the offense of aggravated assault. Division (A) of that section sets forth the distinguishing factor of provocation and the requisite mens rea for the offense: knowingly. Then subdivisions (1) and (2) set forth two means of committing the offense—causing serious physical harm to another, or causing or attempting to cause physical harm by means of a deadly weapon or dangerous ordnance. These subdivisions set forth two different forms of the same offense, in each of which the legislature manifested its intent to serve the same interest—preventing physical harm to persons. See *Whalen*, 445 U.S. at 714, 100 S.Ct. 1432, 63 L.Ed.2d 715 (Rehnquist, J., dissenting).

{¶ 40} In light of this statutory language, we conclude that the General Assembly did not intend violations of R.C. 2903.11(A)(1) and (A)(2) to be separately punishable when the offenses result from a single act undertaken with a single animus. Thus, aggravated assault in violation of R.C. 2903.12(A)(1) and (A)(2) are allied offenses of similar import. Accordingly, we affirm that portion of the decision of the court of appeals holding that Brown can be convicted of and sentenced only for one offense of aggravated assault.

### Merger

{¶ 41} Because Brown's convictions arise from a single act and animus, pursuant to R.C. 2941.25, she may be convicted of only one form of the offense of aggravated assault.

{¶ 42} In *State v. Botta* (1971), 27 Ohio St.2d 196, 201, 56 O.O.2d 119, 271 N.E.2d 776, we acknowledged that R.C. 2941.25 is a legislative attempt to codify the judicial doctrine of merger, i.e., the principle that "a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime." See also *State v. Roberts* (1980), 62 Ohio St.2d 170, 172–173, 16 O.O.3d 201, 405 N.E.2d 247; *State v. Thomas* (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897; *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345. Therefore, the proper disposition of matters involving allied offenses of similar

import committed with a single animus is to merge the crimes into a single conviction.

{¶ 43} Regarding the doctrine of merger, we have previously stated: "An accused may be tried for both [allied offenses of similar import] but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 244, 74 O.O.2d 380, 344 N.E.2d 133. See also Legislative Service Commission Summary of Am.Sub.H.B. 511, supra, at 69 (stating that pursuant to R.C. 2941.25 a defendant may be charged with multiple offenses of similar import committed with a single animus, but that he may be convicted of only one, and further stating that "the prosecution sooner or later must elect as to which offense it wishes to pursue"). Thus, upon remand for merger and resentencing the state must elect which of Brown's two assault charges will merge into the other for purposes of her conviction and sentence.

{¶ 44} Accordingly, we affirm the judgment of the court of appeals, albeit for different reasons, and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., concur in judgment only.

---

**LANZINGER, J., concurring in judgment only.**

{¶ 45} I disagree with the majority's conclusion that the aggravated-assault violations of R.C. 2903.12(A)(1) and (A)(2) are allied offenses of similar import under R.C. 2941.25 because "the General Assembly did not intend [such violations] to be separately punishable when the offenses result from a single act undertaken with a single animus." Majority opinion at ¶ 40. This statement is unnecessary and confusing in light of our most recent decision on allied offenses, *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181.

{¶ 46} This court clarified in *Cabrales* that "[i]n determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." Id. at paragraph one of the syllabus. The majority now asks whether the

General Assembly intended to serve the same "societal" interest in enacting the compared statutes and whether their violations were designed to be "separately punishable." These questions are irrelevant, for R.C. 2941.25 shows that it does not apply to the circumstances before us. R.C. 2941.25 provides:

{¶ 47} "(A) *Where the same conduct by defendant can be construed to constitute two or more* allied *offenses* of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 48} "(B) *Where the defendant's conduct constitutes two or more offenses* of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." (Emphasis added.)

{¶ 49} The court of appeals in Brown's case refused to engage in an analysis of allied offenses under R.C. 2945.25 because it concluded that such an analysis "is implicated only in a situation where the conduct by a defendant could be construed to constitute two or more offenses." *State v. Brown*, Cuyahoga App. No. 87651, 2006-Ohio-6267, 2006 WL 3446238, ¶ 50. The court held that Brown's two convictions for aggravated assault should have been merged into a single count for a very simple reason—Brown had committed only one act of assault. Id. at ¶ 51.

{¶ 50} I agree with the court of appeals that the problem of allied offenses is obviated when the defendant's conduct involves a single act with a single animus, and the offenses charged are different forms of the same crime. In this situation, Brown's conduct—stabbing Johnson once—could not be construed to constitute two or more offenses. The state indicted her on two separate counts that specified alternative means of committing the alleged act of aggravated assault (knowingly causing serious physical harm to Johnson, R.C. 2903.12(A)(1), and knowingly causing or attempting to cause physical harm to Johnson by means of a deadly weapon or ordnance, R.C. 2903.12(A)(2)). Both counts in the indictment related to a single act, committed with a single state of mind, and the single offense of aggravated assault.

{¶ 51} Brown could be convicted and sentenced on a single offense. I would adopt the reasoning of the court of appeals and therefore concur in judgment only.

PFEIFER, J., concurs in the foregoing opinion.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Pamela Bolton, Assistant Prosecuting Attorney, for appellant and cross-appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and David King and John T. Martin, Assistant Public Defenders, for appellee and cross-appellant.