{¶ 71} I concur with the reasoning of the majority as to appellant's first and last assignments of error, but dissent regarding its findings on the second assignment of error.
 {¶ 72} I disagree with the majority's reasoning as to merging the counts of rape and gross sexual imposition: clearly, the latter is a lesser included offense. Further, I contend they are also allied offenses of similar import.
 {¶ 73} The Double Jeopardy provision of the Fifth Amendment to the United States Constitution, made applicable to the states by theFourteenth Amendment, as well as Section 10, Article I, Ohio Constitution, prohibit multiple punishments for the same conduct. See, e.g., United States v. Dixon (1993), 509 U.S. 688.
 {¶ 74} This concept has been codified by the Ohio General Assembly. R.C. 2941.25(A) embodies the prohibition intent not to impose multiple punishments for the same conduct, and provides: "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Further, R.C. 2941.25(B), provides: "[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 75} The record in this case clearly establishes that there was sexual contact before there was sexual conduct. The state presented the same evidence to establish *Page 26 
both offenses. Appellant can be convicted of both but can only be sentenced to one. State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, at ¶ 139 and 143. It is clear that the Ohio Supreme Court has, sinceState v. Comen (1990), 50 Ohio St.3d 206, seen fit to apply the doctrine of plain error in such cases. Cf. Foust, supra, at ¶ 139-146 (applying plain error analysis to defendant's waiver of allied offense argument and finding no error in failure to merge convictions for kidnapping, rape, and gross sexual imposition); State v. Yarbrough,104 Ohio St.3d 1, 2004-Ohio-6087, at ¶ 96, citing State v. Williams (1977),51 Ohio St.2d 112, at paragraph one of the syllabus, and Comen at 211.
 {¶ 76} The majority acknowledges that gross sexual imposition and rape, although distinguished and worded slightly differently (i.e., gross sexual imposition requires sexual contact rather than sexual conduct) are allied offenses under the Ranee analysis. Their outcome hinges upon the second prong of the analysis and holds that there is no plain error. The majority ignores the lesser included offense reason for merger, resulting in appellant being sentenced twice, and "dances around" the allied offense argument, which is governed by R.C. 2941.25(A) and (B).
 {¶ 77} Pursuant to Cabrales, supra, at paragraph one of the syllabus, the first part of the test requires an abstract comparison of the elements of the crimes alleged. If that comparison shows that the commission of one crime necessarily results in the commission of the other, they are allied crimes of similar import. The commission of rape necessarily results in the commission of gross sexual imposition. Thus, they are allied offenses of similar import. *Page 27 
 {¶ 78} The second step of the test is to determine if the crimes alleged arose from a single act with a single animus. Cf.Cabrales at ¶ 14. If so, the defendant may only be convicted of one crime. In this case, both the rape and gross sexual imposition charges arose from a single course of conduct, with a single animus.
 {¶ 79} Finally, pursuant to State v. Brown, 119 Ohio St.3d 447,2008-Ohio-4569, a court should enquire into whether the criminal statutes in question protect different societal interests, to determine whether crimes are allied offenses of similar import. Id. at ¶ 36. Thus, theft and aggravated burglary are not allied offenses of similar import, because the theft statute is meant to counter the nonconsensual taking of property, while the aggravated burglary statute is directed to protecting persons. Id., citing State v. Mitchell (1983),6 Ohio St.3d 416, 419. The societal interests protected by the rape and gross sexual imposition statutes are sufficiently similar to render the conduct proscribed by each allied offenses of similar import. Both statutes are meant to protect persons from unwanted and nonconsensual sexual behavior. The protections afforded under the rape statute are heightened and narrower than those afforded by the gross sexual imposition statute, but not different in kind. I respectfully note that merger under R.C. 2941.25 is meant to effectuate the constitutional prohibition against double jeopardy: i.e., in this case, multiple punishments for the same offense. See, e.g., Brown, supra, at ¶ 10-11. I believe that is exactly what Mr. Town has received.
 {¶ 80} Consequently, I concur in part and dissent in part. *Page 1