[Cite as *State v. Hight*, 2011-Ohio-5013.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                      |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : | Hon. William B. Hoffman, P.J.|
|                          | : | Hon. Sheila G. Farmer, J.    |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.        |
|                          | : |                              |
| -vs-                     | : |                              |
|                          | : | Case No. 2011CA0056          |
| DAVID HIGHT              | : |                              |
|                          | : |                              |
| Defendant-Appellant      | : | O P I N I O N                |


CHARACTER OF PROCEEDING: Criminal appeal from the Licking County Court of Common Pleas, Case No. 11 CR 108

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: September 29, 2011

APPEARANCES:

For Plaintiff-Appellee

KENNETH OSWALT
Licking County Prosecutor
BY EARL FROST
20 South Second Street, 4th Floor
Newark, OH 43058

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road, Ste. 200
Westerville, OH 43082

*Hoffman, P.J.,*

**(¶1)** Defendant-appellant David L. Hight, III appeals his sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND CASE

**(¶2)** On March 11, 2011, the Licking County Grand Jury indicted Appellant on one count of assault of a police officer, in violation of R.C. 2903.13(A) and (C)(3), a felony of the fourth degree; one count of domestic violence, in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree; and one count of obstruction of official business, in violation of R.C. 2921.31(A), a felony of the fifth degree. Appellant appeared before the trial court on May 12, 2011, withdrew his former pleas of not guilty, and entered pleas of guilty to the charges in the Indictment.

**(¶3)** The Prosecutor provided the trial court with a rendition of the facts underlying the charges. On February 28, 2011, Officers Trent Stanford and Shawn Henery of the Newark Police Department were dispatched to Appellant's home on a domestic complaint. Ondrea Hight, the victim who is also Appellant's wife, advised the officers Appellant threatened to harm her and her relatives after she told him she was leaving him. Mrs. Hight indicated Appellant was still in the home. The officers were aware Appellant had an outstanding felony warrant. They searched the residence and found Appellant hiding under a bed. Appellant refused to comply with the officers' request he show his hands. The officers informed Appellant he was under arrest.

**(¶4)** Appellant pushed the bed up against the wall and "came out swinging". The officers had drawn their taser guns due to Appellant's aggressive demeanor. Officer Henery ordered Appellant to stop and warned he would be tasered if he did not comply.

Appellant charged Officer Henery, who deployed his taser. The taser appeared to have no effect on Appellant, who pulled out the prongs of the taser, grab Officer Henery and threw him to the ground. Officer Stanford came to assist Officer Henery. Appellant began to strike Patrolman Henery, who was still down. Officer Stanford deployed his taser, which also appeared to have no effect on Appellant. Appellant knocked Officer Stanford to the ground, striking and kicking the officer before he fled the residence.

(¶5) Officers Henery and Stanford gave chase on foot, but lost Appellant. In the meantime, additional police officers as well as two deputies from the Licking County Sheriff's Department had arrived at the scene, and located Appellant. Appellant "continued to struggle and fight officers", but Appellant "was eventually taken under control and taken into custody." Transcript, May 12, 2011 Change of Plea at 11.

(¶6) The trial court accepted Appellant's change of plea and found Appellant guilty as charged. The trial court immediately proceeded to sentencing. Appellant argued the charges of assault of a police officer and obstructing official business should be merged. The State originally agreed, explaining the counts incorporated the same conduct. The trial court disagreed, noting Appellant initially assaulted the first two officers, then fled and ultimately was captured by county deputies. The trial court imposed a fifteen month period of incarceration on the assault count and a nine month period of incarceration on the obstruction count. The trial court ordered these sentences to be served consecutively. The trial court sentenced Appellant to 30 days on the domestic violence count, and ordered the term be served concurrently with the felony counts.

**(¶7)** It is from this sentence, Appellant appeals raising as his sole assignment of error:

**(¶8)** "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS AGAINST DOUBLE JEOPARDY AND RIGHTS TO DUE PROCESS, AND R.C. 2941.25, BY FAILING TO MERGE THE CONVICTIONS FOR ASSAULTING A POLICE OFFICER AND OBSTRUCTING OFFICIAL BUSINESS."

**(¶9)** R.C. 2941.25 provides:

**(¶10)** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**(¶11)** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**(¶12)** In *State v. Johnson,* 128 Ohio St.3d 1405, 2010–Ohio–6314, the Ohio Supreme Court modified the test for determining whether offenses are allied offenses of similar import. The High Court explained:

**(¶13)** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship,* 38 Ohio St.3d at 119, 526 N.E.2d 816

(Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

**(¶14)** "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting)." Id. at para. 47-49.

**(¶15)** Appellant was convicted of assault of a police officer, in violation of R.C. 2903.13(A) and (C)(3), which provides:

**(¶16)** "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

**(¶17)** "* * *

**(¶18)** "(C) Whoever violates this section is guilty of assault, and the court shall sentence the offender as provided in this division and divisions (C)(1), (2), (3), (4), (5), and (6) of this section. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree.

**(¶19)** "* * *

**(¶20)** "(3) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing

emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."

**(¶21)** Appellant was also convicted of obstructing official business, in violation of R.C. 2921.31(A), which provides:

**(¶22)** "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

**(¶23)** The State acknowledges, under the facts in the instant action it was possible for Appellant to commit assault while committing obstruction of official business. We agree it is possible to commit the two offenses with the same conduct. However, we find the two offenses for which Appellant was convicted arose from separate conduct; therefore, are not allied offenses, subject to merger for sentencing. The assault conviction was based upon Appellant's attack of Officers Henery and Stanford inside the residence. After taking both officers to the ground, Appellant fled the residence. Outside the residence, Appellant struggled and fought with other officers from the Newark Police Department as well as Licking County Sheriff's Deputies, who arrived at the scene to assist. These law enforcement officials eventually arrested Appellant and took him into custody. Appellant's conviction for obstruction of official business was based upon his conduct outside the residence which involved different officers.

**(¶24)** Based upon the foregoing, we find Appellant was not convicted of allied offenses of similar import and the trial court did not err in sentencing him on each count.

**(¶25)** Appellant's sole assignment of error is overruled.

**(¶26)** The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

[Cite as *State v. Hight*, 2011-Ohio-5013.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID HIGHT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA0056 |

For the reasons stated in our accompanying Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER

s/ John W. Wise _____
HON. JOHN W. WISE