[Cite as *State v. Gamble*, 2014-Ohio-2287.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13 CAA 10 0072 |
| CARLOS GAMBLE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 13 CRI 04 0170 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 27, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CAROL HAMILTON O'BRIEN<br>Delaware County Prosecuting Attorney<br>Douglas N. Dumolt<br>Assistant Prosecuting Attorney<br>140 N. Sandusky St., 3rd Floor<br>Delaware, Ohio 43015 | WILLIAM T. CRAMER<br>470 Olde Worthington Road, Suite 200<br>Westerville, Ohio 43082 |

*Hoffman, P.J.*

{¶1}  Defendant-appellant Carlos Gamble appeals his sentence entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  Appellant lived with his girlfriend, K.S. and her three children.  At all times relevant herein, K.S. was incarcerated due to a positive drug test and was not present in the home.  A.C., the fourteen year-old daughter of K.S., had several friends to the home, including her boyfriend, S.S., who often stayed over.

{¶3}  After A.C.'s friends left, she and S.S. returned to the home with Appellant. During the evening, Appellant asked A.C. if he could talk to her alone in her mother's room.  During the conversation, he asked her to sell a few items.

{¶4}  Appellant later had A.C. smoke marijuana, and asked her to put on "booty shorts," or extremely short shorts.  A.C. was uncomfortable with the conversation and returned to her room where S.S. was waiting.  She relayed to S.S. she felt uneasy about Appellant's comments, and told him to fake sick if Appellant came into the room.  S.S. testified at trial he spent the night at the home due to A.C.'s fear to stay alone with Appellant.

{¶5}  In the early morning hours, S.S. was awakened by Appellant who told him to get in a closet.  He had a pocket knife, which he opened and held to S.S.'s neck. Appellant told S.S. he would tie him up with a belt if he moved.  S.S. sat in the closet and did not move.

{¶6}  Appellant returned to A.C.'s room naked.  He got into bed with A.C., holding a knife to her neck and telling her to shut up.  Appellant told A.C. to take off her

pants. He then engaged in cunnilingus and raped her. Appellant ejaculated onto a towel.

**{¶7}** Following the sexual activity, Appellant made A.C. go downstairs and take a shower. Appellant then called S.S. downstairs, ordering him to sit on the couch. S.S. testified Appellant had a black handled kitchen knife in his hand while ordering him to remain on the couch.

**{¶8}** Appellant then gathered up his clothes, and disappeared. A.C. and S.S. eventually ran to A.C.'s aunt's house nearby and reported the incident.

**{¶9}** Appellant was indicted by the Delaware County Grand Jury. Count one and two of the indictment involved two counts of rape involving the acts of cunnilingus and vaginal penetration of A.C. Count three charged Appellant with the kidnapping of S.S. during the rape of A.C. Count four charged Appellant with the kidnapping of A.C. to engage in sexual activity. Count five charged appellant with tampering with evidence. Count six involved the kidnapping of S.S. by being ordered onto the couch after the commission of the rape offense. Count seven charged Appellant with kidnapping of A.C. while he held her at knifepoint ordering her to shower to dispose of evidence. Following a jury trial, Appellant was convicted on all counts. The trial court merged count four with counts one and two for sentencing, but did not merge any other counts.

**{¶10}** The trial court imposed an aggregate prison term of forty-six years in prison, ordering all time be served consecutively. The court imposed an additional consecutive prison term of 588 days representing Appellant's remaining time on post-release control on a prior conviction.

**{¶11}** Appellant appeals assigning as error:

{¶12} "I. THE TRIAL COURT VIOLATED PRINCIPLES OF DOUBLE JEOPARDY AND R.C. 2941.25 BY IMPOSING SENTENCE ON TWO COUNTS OF KIDNAPPING THE SAME VICTIM."

{¶13} Appellant maintains the trial court erred in failing to merge count three and count six for purposes of sentencing. Count three charged Appellant with the kidnapping of S.S. during which Appellant held S.S. at knifepoint, ordering him into the closet in order to commit the rape of A.C. Count six involved the commission of the kidnapping offense against S.S. during which Appellant ordered S.S. at knifepoint to remain on the couch while Appellant disposed of the evidence from the rape.

{¶14} R.C. 2941.25 reads,

{¶15} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶16} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶17} In *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061, the Ohio Supreme Court revised its allied-offense jurisprudence. The *Johnson* court overruled *State v. Rance,* 85 Ohio St.3d 632, 710 N.E.2d 699(1999), "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." The Court was unanimous in its judgment and the syllabus, "When

determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. ( *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)" However, the Court could not agree on how the courts should apply that syllabus holding. The *Johnson* case lacks a majority opinion, containing instead two plurality opinions, and a separate concurrence in the judgment and syllabus only. *State v. Helms,* 7th Dist. No. 08 MA 199, 2012–Ohio1147, ¶ 71 (DeGenaro, J., concurring in part and dissenting in part).

{¶18} Justice Brown's plurality opinion sets forth a new two-part test for determining whether offenses are allied offenses of similar import under R.C. 2941.25. The first inquiry focuses on whether it is possible to commit both offenses with the same conduct. *Id.* at ¶ 48, 710 N.E.2d 699. It is not necessary that the commission of one offense will *always* result in the commission of the other. *Id.* Rather, the question is whether it is *possible* for both offenses to be committed by the same conduct. *Id.,* quoting *State v. Blankenship,* 38 Ohio St.3d 116, 119, 526 N.E.2d 816(1988). Conversely, if the commission of one offense will *never* result in the commission of the other, the offenses will not merge. *Johnson* at ¶ 51.

{¶19} If it is possible to commit both offenses with the same conduct, the court must next determine whether the offenses were in fact committed by a single act, performed with a single state of mind. *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 895 N.E.2d 149, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment only). If so, the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50. On the other hand, if the offenses are committed separately or with a separate animus, the offenses will not merge. *Id.* at ¶ 51.

{¶20} Under Justice Brown's plurality opinion in Johnson, "the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger." *Id.* at ¶ 47, 128 Ohio St.3d 153, 942 N.E.2d 1061. Rather, the court simply must ask whether the defendant committed the offenses by the same conduct. *Id.*

{¶21} Upon review of the trial testimony and the record evidence, we find the trial court did not err in not merging counts three and six herein. Count three involved the commission of a separate act of kidnapping committed with a separate animus. Appellant kidnapped S.S. at knifepoint in the upstairs closet for the purpose of committing the rape of A.C. Following the completion of the rape offense, Appellant told S.S. to come out of the closet. He later ordered him, with the use of a knife to sit on the couch while he disposed of the evidence of the rape offense, a separate offense. We find Appellant did so with a separate animus; i.e., to facilitate the disposal of the evidence regarding the rape of A.C. (tampering with evidence). We find the two charges involve separate conduct and were committed with separate animus. The trial court did not err in denying Appellant's request to merge the subject convictions for purposes of sentencing.

{¶22} Appellant's sole assignment of error is overruled.

**{¶23}** The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur