[Cite as *State v. Dowdell*, 2012-Ohio-2063.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97202

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY DOWDELL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547567

**BEFORE:**   Boyle, P.J., Sweeney, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 10, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Edward D. Brydle
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Gregory Dowdell, appeals his convictions and sentence for assault and aggravated menacing, raising the following four assignments of error:

{¶2} "[I.] Mr. Dowdell's convictions are against the manifest weight of the evidence.

{¶3} "[II.] The trial court plainly erred and violated Mr. Dowdell's due process right to a fair trial in admitting testimony that Mr. Dowdell brandished a gun in the past.

{¶4} "[III.] Mr. Dowdell was denied effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶5} "[IV.] The trial court violated the double jeopardy clauses of the United States and Ohio Constitutions when it failed to treat Mr. Dowdell's convictions for assault and aggravated menacing as allied offenses of similar import and merge them into a single conviction."

{¶6} We find these arguments unpersuasive and affirm.

<u>Procedural History and Facts</u>

{¶7} Dowdell was indicted on four counts: (1) felonious assault, in violation of R.C. 2903.11(A)(1), carrying one- and three-year firearm specifications; (2) felonious

assault, in violation of 2903.11(A)(2); (3) aggravated menacing, in violation of R.C. 2903.21(A); and (4) felonious assault, in violation of R.C. 2903.11(A)(1). The first three counts of the indictment related to events that occurred on October 30, 2010, and the fourth count stemmed from an alleged incident the following day on October 31, 2010. Dowdell pleaded not guilty to the charges, and the matter proceeded to a bench trial where the following evidence was presented.

{¶8} The state's main witness was Bruce Edwards, the alleged victim. According to Edwards, he and Dowdell had been friends for approximately 18 years and regularly socialized together at the home of their mutual friend, "Lemon." On October 30, 2010, Edwards went to Lemon's house for a barbecue and a day of drinking with his friends. Edwards had been drinking for approximately two hours before Dowdell pulled into Lemon's driveway. Edwards testified that they were all "cracking jokes," making fun of one another. Dowdell immediately joined in and "started to crack on [Edwards]." Edwards, in turn, warned Dowdell that "if you can't take it, don't start cracking on me." The joking escalated to the point where Edwards said something about Dowdell's girlfriend that made Dowdell very angry, who responded by saying, "I'm going to shoot your ass." Dowdell then proceeded to walk to the trunk of his car and pulled out a black handgun, cocked it, and put it to Edwards's chest. Edwards responded by hitting Dowdell, resulting in Dowdell's brother intervening and tackling Edwards to the ground. Edwards testified that, while lying on the ground, Dowdell "smacked [him] on the right

side of [his] head with the pistol," resulting in him being unconscious for at least a minute and injury to his eye. With the help of his friends, Edwards eventually got up and drove away.

{¶9} According to Edwards, he did not immediately seek medical attention because he had no health insurance, and he initially did not want to get his friend in trouble. He testified that "the whole white part of [his] eye was red" and that his shirt was covered with blood. Once he got home, he called his girlfriend, Katrina Hurt, who encouraged him to go to the hospital. Hurt testified at trial and corroborated Edwards's testimony that his eye was red, that he had a "little gash over the eye," and that "there was blood on his shirt."

{¶10} Edwards testified that he returned to Lemon's house the next day to watch the Browns game, believing that Dowdell would not be there. He further testified that after the Browns game he was inside the house playing a video game when Dowdell arrived to the home to apologize to Lemon's wife, Patty, regarding the incident the night before. Edwards stated that Dowdell was "smirking" at him, which incensed him, resulting in Edwards attacking Dowdell. Dowdell's cousin ultimately intervened and hit Edwards in the back of the head, knocking him to the ground. While on the ground, Edwards was struck again one more time, but he did not know by whom. Edwards and Dowdell both left the premises.

{¶11} Several days later, Edwards sought medical treatment. The state introduced the medical records from Edwards's emergency room visit into evidence. The records revealed that Edwards suffered a "corneal abrasion and traumatic iritus" to his right eye.

{¶12} Dowdell testified on his own behalf. While Dowdell corroborated Edwards's testimony regarding the exchange of insults in a game called "dozens," his version of what transpired next differs. According to Dowdell, prior to any altercation between himself and Edwards, he ended the game of dozens and got up to leave after his brother (Trini Dowdell) recommended that he go home. Apparently, the tension between Edwards and Dowdell had escalated based on the insults exchanged regarding their girlfriends. Dowdell testified that as he was walking to his car, Edwards got up and punched him in the face. After that, Trini grabbed Edwards and pulled his shirt over his head. Dowdell then got into his car and left.

{¶13} Dowdell denied ever pulling out a gun or striking Edwards. Although he acknowledged that he has a license to carry a concealed weapon, he testified that he kept his gun in a lock box at his mother's house. According to Dowdell, Edwards fabricated the entire story because Edwards still held a grudge against him over Dowdell's refusal to let Edwards move in with him. Dowdell further testified that Edwards had a history of fighting people after he had too much to drink. On cross-examination, however, Dowdell stated that he never once tried to call Edwards

regarding these false accusations and further claimed that he had forgiven Edwards for framing him.

{¶14} The defense called several witnesses who corroborated aspects of Dowdell's testimony. Trini testified that he warned his brother to go home before the insult game escalated to something else. Trini further testified that Edwards attacked his brother and that Dowdell never pulled a gun or retaliated. Instead, Trini testified that he intervened and pulled Edwards to the ground before Dowdell finally left.

{¶15} Three other witnesses testified that they saw Edwards shortly after the incident and did not notice any visible wounds or scars on Edwards. One of the witnesses, Richard Allen ("Rico"), testified that he was at Lemon's house on Sunday, October 31. Aside from not seeing any injuries on Edwards, Rico testified that he saw Edwards try to choke Dowdell but Dowdell did not retaliate.

{¶16} The defense also offered two character witnesses who testified that they have never known Dowdell to pull a gun on anyone but that Edwards has a reputation for belligerence, especially after he has been drinking.

{¶17} The trial court ultimately found Dowdell not guilty on the felonious assault count that carried the firearm specifications but guilty of the lesser-included offense of simple assault. The trial court further found Dowdell not guilty on the felonious assault with a deadly weapon count as well as the felonious assault count relating to Sunday,

October 31, 2010. The court, however, found Dowdell guilty of the misdemeanor offense of aggravated menacing from the incident on Saturday, October 30th.

**{¶18}** The trial court imposed concurrent sentences of six months in the county jail, which it suspended, and a term of one year of active probation.

**{¶19}** Dowdell appeals, raising four assignments of error.

Manifest Weight of the Evidence

**{¶20}** In his first assignment of error, Dowdell argues that the convictions are against the manifest weight of the evidence.

**{¶21}** In reviewing a claim challenging the manifest weight of the evidence,

[t]he question to be answered is whether there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (Internal quotes and citations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

**{¶22}** "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Id*. at 387, citing *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶23} The conviction for assault must stand if we find there is substantial evidence upon which the fact finder could reasonably conclude beyond a reasonable doubt that Dowdell "knowingly cause[d] or attemp[ed] to cause physical harm to another." *See* R.C. 2903.13(A). Likewise, the aggravated menacing conviction must stand if there is substantial evidence upon which the fact finder could reasonably conclude beyond a reasonable doubt that Dowdell "knowingly cause[d] another to believe that [he] will cause serious physical harm to the person or property of the other person * * *." *See* R.C. 2903.21(A).

{¶24} Dowdell argues that the trial court's verdict conflicts with the evidence and, therefore, cannot stand. Specifically, he argues that, by virtue of the trial court's acquittal of the firearm specifications and felonious assault with a deadly weapon, the trial court obviously did not believe Edwards's testimony regarding Dowdell possessing a firearm. According to Dowdell, "the record does not provide a set of facts that support the trial court's factual findings" and therefore the manifest weight of the evidence does not support the trial court's verdict. We disagree.

{¶25} The trier of fact is free to believe or disbelieve all or any of a witness's testimony. *State v. Montgomery*, 8th Dist. No. 95700, 2011-Ohio-3259, ¶ 10. The mere fact that the trial judge did not accept the victim's testimony in its entirety does not render a verdict against the manifest weight of the evidence. *Id.* Nor is a defendant entitled to a reversal on manifest weight grounds merely because inconsistent evidence

was presented at trial. *State v. Blackman*, 8th Dist. No. 95168, 2011-Ohio-2262, ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). "The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible." *Blackman* at ¶ 21. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. *Id.*

{¶26} In this case, the verdict clearly depended on who the trier of fact believed to be more credible — Edwards or Dowdell. And although the trial court may have believed that Dowdell had a gun and threatened Edwards with the gun (as testified to by Edwards), the trial judge may have also found the evidence insufficient to prove that the gun was operable or that Dowdell actually used the gun to hit Edwards on the side of face. At the very least, however, the medical records, Hurt's testimony, and Edwards's own testimony clearly supported a conviction for assault. Likewise, we find that the weight of the evidence supported the aggravated menacing charge. We cannot say that this is the exceptional case where the trier of fact clearly lost its way simply because it did not believe the defendant's story.

{¶27} The first assignment of error is overruled.

## Hearsay Evidence

**{¶28}** In his second assignment of error, Dowdell argues that the trial court plainly erred and violated Dowdell's due process right in admitting testimony that Dowdell brandished a gun in the past. Specifically, Dowdell complains of Edwards's testimony that Dowdell had "pull[ed]" a gun a week prior to the incident at issue and the testimony that Dowdell had assaulted Luann Evans and her husband in the past.

**{¶29}** While we agree that this testimony was inadmissible under Evid.R. 404(B), we find no evidence in the record to overcome the presumption that the trial court relied on anything but relevant, competent, and admissible evidence in reaching its verdict. Here, we do not equate defense counsel's failure to object to the testimony as evidence that the trial court relied on it. To the contrary, in reviewing a bench trial, we presume that a trial court considers nothing but relevant and competent evidence in reaching its verdict. *State v. Wiles*, 59 Ohio St.3d 71, 86, 571 N.E.2d 97 (1991). Given that the record contains other relevant and competent evidence that supports the verdict, we find no merit to this assignment of error.

**{¶30}** The second assignment of error is overruled.

## Allied Offenses

**{¶31}** For the ease of discussion, we will address Dowdell's final assignment of error out of order. In his fourth assignment of error, he argues that the trial court

committed plain error in failing to merge the simple assault and aggravated menacing counts as allied offenses.

**{¶32}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under Ohio's multiple counts statute, R.C. 2941.25. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. *Id.* at ¶ 9.

**{¶33}** Under this new test, the first inquiry focuses on "whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other." *Johnson* at ¶ 48. In making such a determination, it is not necessary that the commission of one offense would always result in the commission of the other, but instead, the question is whether it is possible for both offenses to be committed with the same conduct. *State v. Roy*, 12th Dist. No. CA2009-11-290, 2011-Ohio-1992, ¶ 10, citing *Johnson* at ¶ 48.

**{¶34}** If it is found that the offenses can be committed by the same conduct, the court must then determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting

*State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50. If the answer to both questions is yes, then the offenses are allied offenses of similar import and must be merged. *Johnson* at ¶ 50. However, if the commission of one offense will never result in the commission of the other, "or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Johnson* at ¶ 51.

**{¶35}** In the instant case, a review of the record reveals that there was no discussion of the merger of allied offenses at sentencing. The Ohio Supreme Court has found that the failure to merge allied offenses of similar import constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845.

**{¶36}** Applying the *Johnson* analysis to this case, we find no plain error by the trial court's failure to merge the two offenses. The record reveals that the aggravated menacing count was completed before Dowdell committed the simple assault. Specifically, Edwards testified that Dowdell first threatened him by saying, "I'm going to shoot your ass," and then he walked over to the trunk of the car and pulled out the gun. After the conduct giving rise to the aggravated menacing count was completed, the events escalated, and Dowdell later committed the simple assault by striking Edwards. Thus, the record reveals that the offenses were not committed with the same conduct and should not be merged. *See State v. Orr*, 8th Dist. No. 96377, 2011-Ohio-6269, ¶ 38.

{¶37} The fourth assignment of error is overruled.

Ineffective Assistance of Counsel

{¶38} In his third assignment of error, Dowdell argues that he was denied his right to effective assistance of counsel.

{¶39} In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the two-pronged test for ineffective assistance of counsel. It requires that the defendant show (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant. The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*.

{¶40} Dowdell relies on three separate grounds to support his ineffective assistance of counsel claim: (1) defense counsel failed to object to Edwards's testimony that he had seen Dowdell brandish a gun before and that Dowdell had assaulted friends in the past; (2) defense counsel failed to object to Edwards's hearsay testimony that eyewitnesses made remarks about the incident suggesting that Dowdell was at fault; and (3) defense counsel failed to request merger of the two offenses.

{¶41} With regard to the first two grounds, we agree that the defense counsel should have objected to Edwards's testimony. We therefore must determine whether the

admission of this evidence prejudiced Dowdell and denied him a fair trial. Here, we find that it did not. First, this case was tried to the bench. We are therefore guided by the presumption that the trial court only considered relevant and competent evidence. Notably, the trial court acquitted Dowdell of everything but the two first-degree misdemeanor offenses. And the record contains relevant, competent evidence that supports the verdict. The state offered admissible evidence that Dowdell had a concealed-carry license. Dowdell himself admitted to owning a gun, and Edwards testified that Dowdell threatened him with the gun. As for the assault, the medical records and Hurt's testimony corroborated Edwards's testimony that he was hit by Dowdell.

**{¶42}** As for defense counsel's failure to request merger of the offenses, we have already found that the offenses were not committed by the same conduct and therefore not subject to merger. Accordingly, we cannot say that defense counsel was deficient in failing to request merger.

**{¶43}** The third assignment of error is overruled.

**{¶44}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KATHLEEN ANN KEOUGH, J., CONCUR