OPINION
{¶ 1} Shane Tisdale appeals from the judgment entry of the Trumbull County Court of Common Pleas, sentencing him to a total term of imprisonment of eighteen years following his pleas of guilty to numerous crimes in the autumn of 2006. We dismiss the appeal.
 {¶ 2} February 26, 2007, the Trumbull County Grand Jury filed a secret indictment against Mr. Tisdale, including one count of robbery, a second degree felony *Page 2 
in violation of R.C. 2911.02(A)(2) and (B); eleven counts of aggravated robbery, first degree felonies in violation of R.C. 2911.01 (A)(1) and (C); and ten counts of kidnapping, first degree felonies in violation of R.C. 2905.01(A)(2) and (C). That same day, Mr. Tisdale was arraigned, and entered pleas of not guilty.
 {¶ 3} March 29, 2007, a change of plea hearing was held before the trial court. The state offered Mr. Tisdale a deal if he pleaded guilty: eight years imprisonment on the second degree felony of robbery, and ten years on all of the first degree felony charges, to be served concurrently with each other, but consecutive to the eight year term. The plea recommendation was made jointly by the state's attorney and defense counsel. Mr. Tisdale pleaded guilty, and was sentenced by the trial court to the recommended sentence, less time already served. He was incarcerated in the Lorain Correctional Facility.
 {¶ 4} On or about December 15, 2007, Mr. Tisdale filed his pro se motion for delayed appeal, pursuant to App. R. 5(A), further requesting this court to appoint him counsel. The state opposed. By a judgment entry filed February 11, 2008, we granted the motion for delayed appeal, and appointed counsel. On or about June 23, 2008, Mr. Tisdale filed his assignments of error and merit brief. Included was his affidavit, detailing alleged actions and inactions by his trial counsel, rendering his representation in the trial court ineffective. The state moved to strike this affidavit June 25, 2008, since it did not form part of the record before the trial court. By a judgment entry filed July 1, 2008, this court overruled the motion to strike.
 {¶ 5} Mr. Tisdale assigns two errors: *Page 3 
 {¶ 6} "[1.] APPELLANT WAS DENIED HIS RIGHT TO REPRESENTATION DUE TO THE IN-EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 7} "[2.] TRIAL COURT ERRED WHEN IT RENDERED A SENTENCE THAT WAS EXCESSIVE."
 {¶ 8} Under his first assignment of error, Mr. Tisdale alleges that the assistant prosecutor at his change of plea hearing approached him first with the proposed plea deal, ex parte; that he had virtually no discussion with his own trial counsel regarding his case; and, that such discussion as occurred consisted of his counsel coercing him into accepting the deal, rather than face a potential incarceration of two hundred eighteen years (if he were found guilty at trial on all counts of the indictment, and sentenced to consecutive, maximum terms of imprisonment).
 {¶ 9} The state counters that the alleged facts underlying Mr. Tisdale's ineffective assistance of counsel arguments are all based on the affidavit he submitted in conjunction with his merit brief, which we may not consider, as it was not part of the record before the trial court.
 {¶ 10} By his second assignment of error, Mr. Tisdale alleges the trial court failed to properly consider the principles and purposes of felony sentencing, R.C. 2929.11; and, the seriousness and recidivism factors, R.C. 2929.12. The state counters that the trial court recited in the judgment entry appealed that it had considered both statutes in sentencing Mr. Tisdale.
 {¶ 11} The state further refers us to R.C. 2953.08(D)(1), which provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the *Page 4 
prosecution in the case, and is imposed by a sentencing judge." As Mr. Tisdale's sentence is within the statutory range for the crimes alleged, was jointly proposed, and was imposed by the trial court, the state argues we are without jurisdiction of this appeal.
 {¶ 12} The state is correct. Pursuant to R.C. 2953.08(D)(1), we may not hear this matter by way of direct appeal. State v. Collins, 2d Dist. No. 02CA53, 2003-Ohio-3036, at ¶ 16 (by jointly recommending a sentence, pursuant to R.C. 2953.08(D)(1), a defendant waives any error in that sentence save matters of law); cf. State v. Gray, 1st Dist. No. C-030132, 2003-Ohio-5837, at ¶ 1.
 {¶ 13} However, Mr. Tisdale is not without remedy regarding his ineffective assistance of counsel allegations. The matter rests largely on his affidavit testimony, which we could not consider in any case, as it is outside the record on appeal. App. R. 12(A) and 9(A); see, also,State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730. But this court has long held that matters regarding ineffective assistance of counsel outside the record may be raised by way of a petition for postconviction relief, R.C. 2953.21. State v.Tomey (Nov. 24, 1989), 11th Dist. No. 4001, 1989 Ohio App. LEXIS 4366, at 3-4; see, also, State v. Baker, 1st Dist. No. C-050791,2006-Ohio-4902, at ¶ 20, citing State v. Coleman (1999),85 Ohio St.3d 129, 134.
 {¶ 14} Being without jurisdiction, we dismiss the appeal.
 {¶ 15} It is the further order of this court that, as appellant appears to be indigent from the record, costs be waived. *Page 5 
 {¶ 16} The court finds there were reasonable grounds for this appeal.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1