[Cite as *State v. Krisha*, 2016-Ohio-3512.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

STATE OF OHIO, : **O P I N I O N**

         Plaintiff-Appellee, :

    - vs - : 

               **CASE NOS. 2015-L-125,**
               **2015-L-126**
               **and 2015-L-127**

DOMINICK J. KRISHA, :

         Defendant-Appellant. :

Criminal Appeal from the Lake County Court of Common Pleas, Case Nos. 11 CR 000595, 13 CR 000274, and 13 CR 000597.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor*,* Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Dominick J. Krisha,* pro se, PID# A644-745, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Dominick J. Krisha, appeals the imposition of consecutive sentences in three criminal prosecutions described in further detail below. The determinative issue before this court is whether an offender is barred by res judicata from raising errors regarding the imposition of consecutive sentences in post-

conviction proceedings. For the following reasons, we affirm the decision of the court below.

{¶2} In *State v. Krisha*, Lake C.P. No. 11-CR-000595, Krisha entered a plea of "Guilty" by way of Information to one count of Trafficking in Marijuana, a felony of the fifth degree in violation of R.C. 2925.03(A)(1), and one count of Possession of Heroin, a felony of the fourth degree in violation of R.C. 2925.11. On February 1, 2012, Krisha was sentenced to three years of community control. On August 28, 2013, Krisha entered a plea of "Guilty" to the charge of violating the terms of his community control.

{¶3} In *State v. Krisha*, Lake C.P. No. 13-CR-000274, Krisha entered a plea of "Guilty" by way of Information to one count of Trafficking in Heroin, a felony of the fourth degree in violation of R.C. 2925.03(A)(1).

{¶4} In *State v. Krisha*, Lake C.P. No. 13-CR-000597, Krisha entered a plea of "Guilty" by way of Information to one count of Possession of Heroin, a felony of the first degree in violation of R.C. 2925.11.

{¶5} On October 8, 2013, Krisha was sentenced to serve an aggregate prison term of ten years for all three cases. The particulars of Krisha's sentences are as follows:

{¶6} In *State v. Krisha*, Lake C.P. No. 11-CR-000595, Krisha was sentenced to serve consecutive terms of nine months in prison for Trafficking in Marijuana and fifteen months in prison for Possession of Heroin, for a prison sentence of twenty-four months. Krisha was furthered ordered to serve the twenty-four-month sentence consecutively with the sentences imposed in Lake C.P. Nos. 13-CR-000597 and 13-CR-000274.

{¶7} In *State v. Krisha*, Lake C.P. No. 13-CR-000274, Krisha was sentenced to serve a prison term of one year for Trafficking in Heroin. Krisha was further ordered to serve the one-year sentence concurrently with the sentence imposed in Lake C.P. No. 13-CR-000597 and consecutively with the sentence imposed in Lake C.P. No. 11-CR-000595.

{¶8} In *State v. Krisha*, Lake C.P. No. 13-CR-000597, Krisha was sentenced to serve a prison term of eight years for Possession of Heroin. Krisha was further ordered to serve the eight-year sentence concurrently with the sentence imposed in Lake C.P. No. 13-CR-000274 and consecutively with the sentence imposed in Lake C.P. No. 11-CR-000595.

{¶9} The sentencing court made the following findings in each case:

Pursuant to R.C. 2929.14(C)(4) and R.C. 2929.19(B)(2)(b), the Court finds for the reasons stated on the record that consecutive sentences are necessary to protect the public from future crime or to punish the Defendant and are not disproportionate to the Defendant's conduct and the danger the Defendant poses to the public, that the Defendant committed one or more of the multiple offenses while under a sanction pursuant to R.C. 2929.16, 2929.17, or 2929.18 and the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶10} On September 23, 2015, Krisha filed, in all three cases, a Motion Requesting Resentencing pursuant to R.C. §2929.41. Krisha contended "that his

3

consecutive sentences are void and constituted an abuse of discretion and violated protections guaranteed under provisions of the double jeopardy clause of the Fifth Amendment."

{¶11} On October 13, 2015, the State filed its Response.

{¶12} On October 21, 2015, the trial court entered an Opinion and Judgment Entry, denying Krisha's Motion Requesting Resentencing. The court stated that it was without authority to modify a sentence once it has been executed, i.e., "when the defendant is delivered to prison." The court further stated that "the sentencing entries demonstrate that this court made the findings required by R.C. 2929.14 and R.C. 2929.19 before imposing consecutive sentences."

{¶13} On November 18, 2015, Krisha filed Notices of Appeal in all three cases.

{¶14} On December 2, 2015, this court sua sponte consolidated the appeals for all purposes.

{¶15} On appeal, Krisha raises the following assignment of error:

{¶16} "[1.] The trial court erred to the prejudice of the defendant-appellant and abused its discretion when it denied his Motion Requesting Resentencing pursuant to R.C. 2929.41(A) without a hearing."

{¶17} Krisha argues that the "sentencing court * * * made some, but not all of the statutorily required findings before it imposed the consecutive sentences," specifically, "it failed to state on the record that it considered the mandatory language of R.C. §2929.41(A) as to imposing concurrent sentences instead of consecutive sentences." Appellant's brief at 5.

4

**{¶18}** Consideration of Krisha's argument on appeal is barred by his failure to file a direct appeal from the October 8, 2013 sentencing entries and by the doctrine of res judicata.

**{¶19}** "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶20}** "Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶ 17, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30 (res judicata "operate[s] to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence").

**{¶21}** Errors in the imposition of consecutive sentences, such as the failure to make the required statutory findings, render the sentences voidable, rather than void. *State v. Wilson*, 11th Dist. Lake No. 2015-L-067, 2015-Ohio-5465, ¶ 19; *State v. Bowshier*, 2d Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶ 16 ("the Supreme Court of Ohio 'has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute'") (citation omitted).

**{¶22}** As the Ohio Supreme Court has explained:

> [C]hallenges to a trial court's compliance with R.C. 2929.11 and 2929.12, which may be brought by either the defendant or the state, must still be presented in a timely direct appeal under R.C. 2953.08. R.C. 2953.08(E); *see generally State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. This is also true with regard to challenges to a sentencing court's determination whether offenses are allied and its judgment as to whether sentences must be served concurrently or consecutively. *See generally State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.

*State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8.

**{¶23}** The sole assignment of error is without merit.

**{¶24}** For the foregoing reasons, the imposition of consecutive sentences in *State v. Krisha*, Lake C.P. No. 11-CR-000595, *State v. Krisha*, Lake C.P. No. 13-CR-000274, and *State v. Krisha*, Lake C.P. No. 13-CR-000597, is affirmed. Costs to be taxed against appellant.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.