[Cite as *State v. Tisdale*, 2019-Ohio-73.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-T-0022** |
| - vs - | : | |
| SHANE TISDALE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 07 CR 147.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-0192 (For Plaintiff-Appellee).

*Shane Tisdale*, pro se, PID: A523-979, London Correctional Institution, 1580 State Route 56, S.W., Landon, OH 43140 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Shane Tisdale, appeals the trial court's denial of his post-sentence motion to vacate his sentence. We affirm.

{¶2} In March of 2007, Tisdale pleaded guilty to one count of robbery, eleven counts of aggravated robbery, and ten counts of kidnapping. The trial court imposed the parties' jointly recommended sentence, eight years on count one and ten years on each

remaining count to run concurrent with one another, but consecutive to the eight-year sentence for robbery, for an aggregate prison term of 18 years.

{¶3} In December of 2007, we permitted Tisdale to file a delayed appeal, and he raised two assignments of error, ineffective assistance of counsel and that the court imposed an excessive sentence. He did not raise a merger argument. We subsequently dismissed the appeal for lack of jurisdiction to review an imposed, jointly recommended sentence pursuant to R.C. 2953.08(D)(1). *State v. Tisdale*, 11th Dist. Trumbull No. 2007-T-0122, 2008-Ohio-5452, ¶12, 14 (*"Tisdale I"*).

{¶4} In February of 2017, Tisdale moved to vacate his sentence as void because the court imposed sentence for multiple offenses of similar import that should have merged. The trial court overruled his motion.

{¶5} Tisdale raises one assignment of error:

{¶6} "The trial court erred when it did not find that multiple offenses were allied offenses of similar import."

{¶7} He argues that his sentence is void because the court had a mandatory duty to merge his convictions as a matter of law pursuant to R.C. 2941.25(A).

{¶8} Contrary to Tisdale's argument, any error regarding merger renders the original sentencing judgment voidable, not void. *State v. Simmons,* 11th Dist. Lake No. 2012-L-025, 2012-Ohio-4470, ¶20.

{¶9} "'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to

2

act, but the court's judgment is invalid, irregular, or erroneous.' *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶12." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶6.

{¶10} A void judgment renders the judgment a nullity, "and the parties are in the same position as if there had been no judgment." *Id.* at ¶12.

{¶11} "[I]f a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can only be challenged on direct appeal or by collateral attack. * * * If a judgment in question is merely voidable, though, the doctrine of res judicata does apply, and any argument regarding the merits of the decision is considered waived for all purposes unless it is asserted as part of the direct appeal. *State v. Parson,* 2nd Dist. No. 24641, 2012-Ohio-730, ¶10." *State ex rel. Porterfield v. McKay,* 11th Dist. Trumbull No. 2012-T-0012, 2012-Ohio-5027, ¶13, *cause dismissed,* 134 Ohio St.3d 1443, 2013-Ohio-310, 982 N.E.2d 723; *accord State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, ¶30.

{¶12} Here, Tisdale was required to raise merger in his direct appeal because any error regarding merger of his charges would render the original sentencing judgment voidable. Since he did not advance a merger argument in his direct appeal, res judicata bars Tisdale from raising the issue in a post-sentence motion. *State v. Simmons,* 11th Dist. Lake No. 2012-L-025, 2012-Ohio-4470; *State v. Britta,* 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096; *State v. Stalnaker,* 11th Dist. Lake No. 2013-L-006, 2013-Ohio-3479, ¶12.

{¶13} Since our decision in *Tisdale I*, the Ohio Supreme Court has held that "[w]hen a sentence is imposed for multiple convictions on offenses that are allied offenses

3

of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D)(1) does *not* bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." (Emphasis added.) *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph one of the syllabus. However, a defendant only has the right to raise merger in a direct appeal and must demonstrate plain error. *Id.* at ¶29-31.

{¶14} Unlike the defendant in *Underwood,* Tisdale did not raise merger on direct appeal, and as such, it is barred by res judicata.

{¶15} Tisdale's sole assignment of error lacks merit, and the trial court's decision is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} Initially, I note that robbery and kidnapping may be allied offenses of similar import when the restraint of the victim is merely incidental to the robbery. *State v. Taogaga*, 165 Ohio App. 3d 775, 2006-Ohio-692, ¶21 (8th Dist.), citing *State v. Logan*, 60 Ohio St.2d 126, 130-131 (1979); *State v. Jones*, 8th Dist. Cuyahoga No. 61279, 1992 WL 369257 (Dec. 10., 1992); *State v. Burks*, 8th Dist. Cuyahoga No. 58975, 1991 WL 17493 (Aug. 29, 1991).

{¶17} In the lead case of *Underwood*, *supra*, at ¶23-26, the court held:

{¶18} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense. The statute states:

{¶19} "'(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶20} "'(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.'

{¶21} "R.C. 2941.25(A) clearly provides that there may be only *one conviction* for allied offenses of similar import. Because a defendant may be convicted of only one offense for such conduct, the defendant may be sentenced for only one offense. This court has previously said that allied offenses of similar import are to be merged at sentencing. See *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, * * *, ¶43; *State v. McGuire* (1997), 80 Ohio St.3d 390, 399, * * *. Thus, a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of

5

that sentence even though it was jointly recommended by the parties and imposed by the court." (Emphasis sic.) (Parallel citations omitted.)

**{¶22}** The *Underwood* court also held, at ¶10-16:

**{¶23}** "A defendant's right to appeal a sentence is based on specific grounds stated in R.C. 2953.08(A):

**{¶24}** "'In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:

**{¶25}** "' * * *

**{¶26}** "'(4) The sentence is contrary to law.'

**{¶27}** "Subsection (D)(1) provides an exception to the defendant's ability to appeal:

**{¶28}** "'* * *

**{¶29}** "'A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.'

**{¶30}** "In other words, a sentence that is 'contrary to law' is appealable by a defendant; however, an agreed-upon sentence may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence."

6

**{¶31}** The *Underwood* court then analyzed decisions from various courts of appeals, holding that agreed sentencing entries were only contrary to law when the sentence imposed was outside the statutory parameters. *Id.* at ¶19. The court went on to hold, at ¶20:

**{¶32}** "We do not agree with such a narrow interpretation of 'authorized by law.' Adopting this reasoning would mean that jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control (R.C. 2929.19(B)(3)(c)) or consecutive sentences (R.C. 2929.14(D) and (E)), would be unreviewable. Our recent cases illustrate that sentences that do not comport with mandatory provisions are subject to total resentencing. See, e.g., *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, * * *, ¶11. Nor can agreement to such sentences insulate them from appellate review, for they are not authorized by law. We hold that a sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions. A trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions. See *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, * * *, ¶27 ('Every judge has a duty to impose lawful sentences')." (Parallel citations omitted.")

**{¶33}** Of course, this narrow interpretation of "authorized by law," disapproved by *Underwood*, is exactly the one we applied in dismissing Mr. Tisdale's direct, albeit delayed appeal, in *Tisdale* I. *Id.* at ¶11-12.

**{¶34}** The court further refined its analysis of merger doctrine in *State v. Williams*, 148 Ohio st.3d 403, 2016-Ohio-7658. It held that when a trial court recognizes that offenses may be allied offenses of similar import, it must conduct merger, or the

7

sentences are void. *Id.* at ¶28. However, when it finds the offenses in question are not allied offenses of similar import, or makes no finding whatsoever on the issue, the matter can only be assigned as error on direct appeal. *Id.* at ¶26.

**{¶35}** In Mr. Tisdale's case, the issue of whether various of his offenses were allied offenses of similar import was never discussed by the trial court at sentencing. Consequently, pursuant to *Williams*, he had to address this issue on direct appeal. However, he was deprived of the chance to do so, since, pursuant to *Underwood*, our reasons for dismissing his appeal were erroneous.

**{¶36}** The issue is raised, therefore, of whether the holdings in *Underwood* have a retroactive effect. In *State v. Parker*, the Eighth District recently undertook an extensive review of when a decision of the Supreme Court of Ohio has retroactive effect. The Eighth District wrote, at ¶18-21:

**{¶37}** "Under the analysis set forth in *Teague v. Lane*, 489 U. S. 288, * * * (1989), a new constitutional rule of criminal procedure applies to criminal cases still pending on direct appeal, but generally does not apply to a conviction that was final when the new rule was announced. *Id.* at 295, * * * . However, two categories of decisions fall outside this general bar on retroactivity:

**{¶38}** "First, '(n)ew substantive rules generally apply retroactively.' *Schriro v. Summerlin*, 542 U.S. 348, 351, * * * (2004) (* * *). Second, new "'watershed rules of criminal procedure,'" which are procedural rules 'implicating the fundamental fairness and accuracy of the criminal proceeding,' will also have retroactive effect. *Saffle v. Parks*, 494 U.S. 484, 495, * * * (1990) (quoting *Teague* at 311-313, * * *). *Welch v. United States*, 578 U.S. ——, 136 S.Ct. 1257, * * * (2016).

8

**{¶39}** "The court recently explained the distinction between retroactive substantive rules and nonretroactive procedural rules as follows:

**{¶40}** "Substantive rules, then, set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose. It follows that when a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful. Procedural rules, in contrast, are designed to enhance the accuracy of a conviction or sentence by regulating 'the manner of determining the defendant's culpability.' *Montgomery v. Louisiana*, 577 U.S. ——, 136 S.Ct. 718, * * * (2016), quoting *Schriro*, 542 U.S. at 353, * * *.

**{¶41}** "In determining whether a rule is substantive or procedural, the *Welch* court explained:

**{¶42}** "'A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes (including) decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish.'578 U.S. at ——, 136 S.Ct. 1257, ¶8, quoting *Schriro*, 542 U.S. at 353, 124 S.Ct. 2519.

**{¶43}** "In other words, substantive rules 'either (a) prohibit criminal punishment for certain types of primary conduct, or (b) forbid the imposition of certain categories of punishment for particular classes of defendants.' *O'Dell v. Netherland*, 521 U.S. 151, 157, * * * (1997). Conversely, procedural rules 'regulate only the manner of determining the defendant's culpability.' *Schriro*, 542 U.S. at 353." (Parallel citations omitted.)

9

**{¶44}** Based on the foregoing, I conclude *Underwood* announced a new substantive rule of law, since it increased the range of defendants permitted to appeal an agreed judgment entry of sentence, beyond the narrow class of those whose sentences were outside the statutory parameters for the offense committed. Consequently, *Underwood* applies to Mr. Tisdale's case. Further, he may take advantage of it presently, since we erroneously deprived him of his direct appeal. In effect, *this* is his direct appeal. On remand, the trial court shall conduct a hearing to determine what, if any, of Mr. Tisdale's offenses are subject to merger.

**{¶45}** I respectfully dissent.