[Cite as *State v. Van Kell*, 2021-Ohio-3880.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- v -<br><br>JAMES M. VAN KELL,<br><br>Defendant-Appellant. | CASE NO. 2020-L-126<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2018 CR 000672 |

**O P I N I O N**

Decided: November 1, 2021
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Eric J. Cherry,* Bartos & Company, LPA, 20220 Center Ridge Road, Suite 160, Rocky River, OH 44116 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, James M. Van Kell, has filed a delayed appeal from the judgment of the Lake County Court of Common Pleas, in which his community control was revoked and the sentences for several previous crimes were reimposed. At issue is whether the trial court erred in failing to merge two previously final sentences, entered in Case Number 18CR634, a matter from which appellant never filed a direct appeal. For the reasons discussed below, we affirm the trial court.

{¶2} On August 14, 2018, appellant was charged, by bill of information, with one count of trespass in a habitation when a person is present or likely to be present, a felony

of the fourth degree, in violation of R.C. 2911.12(B) and one count of grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.12(A)(1). He entered a plea of guilty to the charges, which the trial court accepted. At the time, appellant was on community control for two previous convictions, Case Nos. 17CR763 and 18CR644. Due to the trial court's conclusion that appellant violated community control, the same was revoked and, by way of a September 28, 2018 judgment, appellant was sentenced to 18 months imprisonment on each of the felony-four charges, to be served consecutively; he was also ordered to serve the remaining time imposed on the prior convictions (11 months in Case No. 17CR763 and 12 months in Case No. 18CR644) consecutively to the 36 months for the felony four convictions. In total, appellant was ordered to serve an aggregate term of 59 months. No appeal was taken from this judgment.

{¶3} Appellant moved for judicial release, and, on June 19, 2019, the trial court granted the motion. On August 13, 2019, however, a warrant was issued for appellant's arrest due to a community control violation. According to the probation-violation affidavit, appellant, on August 10, 2019, was cited by the Wickliffe Police Department for (1) failure to comply with an order/signal of a police officer, a felony of the third degree and (2) driving under an OVI suspension. On November 6, 2019, after waiving his rights to a probable cause and final hearing on revocation, pleaded guilty to the pending community control violation. The trial court, pursuant to a November 14, 2019 order, reimposed the 59-month original sentence issued in its September 28, 2018 judgment and recalculated the time served.

2

{¶4} On November 9, 2020, appellant filed a "Motion to Correct Sentence 'Nunc Pro Tunc.'" The basis of his motion, however, did not seek a correction of a clerical error; rather, it requested the trial court to engage in a merger analysis and merge the felony-four counts of trespass in a habitation and grand theft of a vehicle for purposes of sentencing. On November 20, 2020, the trial court denied the motion, concluding that the convictions in question were finalized on September 28, 2018 and appellant failed to file a direct appeal of the same. The court therefore concluded the relief sought was barred by res judicata. On December 21, 2020, appellant filed a notice of appeal, which this court sua sponte dismissed for failure to file the notice within the 30-day window as provided by the rules of appellate procedure. Appellant, however, subsequently filed a motion for delayed appeal, which this court granted. He assigns two errors for our review. They provide:

{¶5} "The trial court erred in failing to properly merge two allied offenses of similar import at sentencing, pursuant to R.C. 2941.25."

{¶6} Initially, we shall address the trial court's conclusion regarding the preclusive effect of res judicata in light of the unusual procedural posture of the matter. "'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, ¶12." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶6. A void judgment renders

3

the judgment a nullity, "and the parties are in the same position as if there had been no judgment." *Id.* at ¶12.

{¶7}  "[I]f a judgment is void, the doctrine of res judicata has no application, and the propriety of the decision can only be challenged on direct appeal or by collateral attack. * * * If a judgment in question is merely voidable, though, the doctrine of res judicata does apply, and any argument regarding the merits of the decision is considered waived for all purposes unless it is asserted as part of the direct appeal. *State v. Parson,* 2nd Dist. [Montgomery] No. 24641, 2012-Ohio-730, ¶10." *State ex rel. Porterfield v. McKay,* 11th Dist. Trumbull No. 2012-T-0012, 2012-Ohio-5027, ¶13.  The issue of merger is voidable and must be challenged on direct appeal or else res judicata will bar such an argument in a later proceeding.  *See, e.g., State v. Tisdale*, 11th Dist. Trumbull No. 2017-T-0022, 2019-Ohio-73, ¶12.

{¶8}  Here, although the trial court reimposed its sentence after appellant violated the terms of his post-judicial-release community control, that sentence was final and appealable upon issuance of the September 28, 2018 judgment.  Appellant did not, however, appeal that judgment. And there is no double jeopardy issue where the court merely re-issues the same sentence previously imposed as a result of a valid judgment of conviction.  *See* R.C. 2929.20(K) (authorizing the court to reimpose original sentence if conditions of judicial release are violated); *see, also State v. Gulas*, 5th Dist. Stark No. CA-8365, 1991 WL 70149, *2 (Apr. 29, 1991) (there are no double jeopardy principles involved with the reimposition of a sentence of a probation violator).  Because appellant could have raised the merger issue on appeal from the September 2018 judgment, but

4

did not do so, the trial court was correct in concluding res judicata bars the argument in the instant proceeding. We discern no error.

{¶9} Still, even if the matter was properly before the court, appellant's substantive argument lacks merit. At the original change of plea hearing, on August 22, 2018, the prosecutor set forth the following facts regarding what the evidence would show if the matter went to trial:

{¶10} [T]he defendant went over to the Zaucha residence * * * and at that time he had contact with Dennis Zaucha's mother, her name is Dusti and the defendant wound up staying there for a little bit and he was drinking beer. Dennis was upstairs asleep. Dennis's mother told the defendant that he was not allowed to stay in the house and that he had to leave after she gave him a ride to Circle K and then brought him back to the residence, to the house. The defendant sat on the porch and drank cans of beers. Excuse me.

{¶11} The defendant then was observed by a neighbor to enter the residence, the house, there through the front window without permission. He opened this window and he went inside without permission, he took the keys to this 2013 Ford Mustang that were, they were in the living room on a speaker. He then left the residence and entered the Ford Mustang and drove away. He did not have permission to go in the house. Dennis Zaucha was present at the time, he was upstairs asleep. He did not have permission to exert control over that Mustang.

{¶12} R.C. 2941.25 governs the merger of allied offenses for sentencing purposes, and states:

{¶13} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶14} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

5

{¶15} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court applied R.C. 2941.25 and, in doing so, set forth three questions to determine whether a defendant can be convicted of multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. *Id.* at ¶31.

{¶16} Appellant asserts that the charges should have merged because, inter alia, he had a single animus when committing the trespass and grand theft. In particular, appellant claims he entered the home intending the theft and, as a result, the crimes should merge. We do not agree.

{¶17} In his statement, provided during the presentence interview, appellant admitted he entered the residence with the intention to "mess with Dennis." And, after talking with Dennis, he took the keys as he left. Appellant's animus, consequently, was not to trespass in the occupied structure to commit a criminal offense, a potential burglary, but to trespass in order to purportedly badger his friend. Appellant was charged by information with trespass in an occupied habitation, a crime that does not require an intention to commit a crime upon entry of the habitation. Had appellant been charged with burglary, an argument could be made that, in entering the residence, his animus was to commit theft of the keys and, by implication, the vehicle. In light of appellant's account of the crimes as well as the charging instrument, however, one cannot reasonably infer a single animus for both the trespass count and the grand theft count. The animi for each were clearly separate and the third question under *Ruff* must be answered in the affirmative.

6

{¶18} Moreover, in light of the state's factual recitation, it is clear the trespass into an occupied habitation was complete upon appellant entering the residence through the window without permission while an occupant was sleeping. Upon entry, appellant took keys to a Mustang, exited the residence, entered the vehicle, and left the premises without permission. The grand theft commenced after the trespass and was complete upon appellant leaving the residence with the vehicle. The offenses were therefore committed separately. The second question posed by *Ruff* must be answered in the affirmative.

{¶19} In light of the foregoing, we need not address the remaining aspects of appellant's assertion. Accordingly, even had appellant raised the issue on an appeal from the September 2018 judgment, the offenses do not merge.

{¶20} Appellant's first assignment of error lacks merit.

{¶21} Appellant's second assignment of error provides:

{¶22} "The trial court did not ensure appellant received the effective assistance of counsel."

{¶23} Appellant contends that trial counsel's assistance was ineffective for failure to object to the imposition of consecutive sentences. We do not agree.

{¶24} A defense attorney's assistance may be deemed ineffective where he or she rendered deficient performance and the deficiency caused the defendant prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984).

{¶25} This assigned error could have been raised in an appeal of appellant's September 2018 conviction to this court. Res judicata precludes a defendant from raising an ineffective-assistance-of-counsel claim that was or could have been raised on direct

Case No. 2020-L-126

appeal. *State v. Vinson,* 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059, ¶32. Moreover, "[e]rrors in the imposition of consecutive sentences, * * * render the sentences voidable, rather than void." *State v. Krisha*, 11th Dist. Lake Nos. 2015-L-125, et al., 2016-Ohio-3512, ¶21. "Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal." *State v. Britta*, 11th Dist. Lake No. 2011-L-041, 2011-Ohio-6096, ¶17; *see, also, State v. Vance,* 10th Dist. Franklin No. 10AP-321, 2011-Ohio-834, ¶8 (assignments of error concerning validity and length of prison sentence barred by res judicata because issues could have been raised in direct appeal). As appellant did not appeal the September 2018 judgment, his arguments relating to his sentence are res judicata.

{¶26} Appellant's second assignment of error lacks merit.

{¶27} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

8

Case No. 2020-L-126